KRISTEN CLARKE
Assistant Attorney General for Civil Rights
CARRIE PAGNUCCO
Chief, Housing and Civil Enforcement Section
ELIZABETH SINGER
Director, U.S. Attorneys' Fair Housing Program
DAVID HEITNER
Trial Attorney, Housing and Civil Enforcement Section
U.S. Department of Justice
950 Pennsylvania Ave. NW--4CON
Washington, D.C. 20530
Tel: (202) 598-0487
Email: David.Heitner@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
RICHARD M. PARK
Assistant United States Attorney
Chief, Civil Rights Section
MATTHEW J. BARRAGAN (Cal. Bar No. 283883)
MARGARET M. CHEN (Cal. Bar No. 288294)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2444 (Barragan)/-3148 (Chen)
    Facsimile: (213) 894-7819
    E-mail: Matthew.Barragan@usdoj.gov
           Margaret.Chen@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AQUA 388 COMMUNITY ASSOCIATION, FIRSTSERVICE RESIDENTIAL CALIFORNIA, LLC, REBECCA HAWKINS, CHRISTOPHER HARRINGTON, and AQUA MAINTENANCE CORPORATION,<br><br>    Defendants. | No. CV 23-02498-SB-JPR<br><br>**CONSENT DECREE** |

# INTRODUCTION

1. The United States of America ("United States") initiated this action by filing a complaint on April 3, 2023 (the "Complaint"), on behalf of Emma Adams ("Dr. Adams"), under Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act"), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3631, alleging that Aqua 388 Community Association ("Aqua 388"), FirstService Residential California, LLC ("FirstService"), Rebecca Hawkins, Christopher Harrington, and Aqua Maintenance Corporation ("Aqua Maintenance") (sometimes collectively referred to as "Defendants" and together with the United States referred to as "the Parties") discriminated in the terms, conditions, or privileges of sale of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of Dr. Adams' disability[1] by refusing to make a reasonable accommodation in rules, policies, practices, or services, when such accommodation was necessary to afford her equal opportunity to use and enjoy a dwelling, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(2) and § 3604(f)(3)(B).

2. The United States' Complaint alleges that Defendants discriminated against Dr. Adams, who has paraplegia, by refusing to provide her with an assigned, van-accessible parking space for over three years. Defendants denied all allegations of any wrongdoing in their Answer. [ECF No. 20]

3. The United States' Complaint seeks both injunctive relief and monetary damages in accordance with 42 U.S.C. § 3612(o)(3) and 3613(c)(1) on behalf of Dr. Adams.

4. On October 6, 2023, the Court granted the United States' Motion for Partial Summary Judgment on liability for failure to reasonably accommodate Dr. Adams' requests from the time of her first reasonable accommodation request on January 3, 2017

---

[1] The Fair Housing Act uses the term "handicap," *see* 42 U.S.C. § 3602(h), but consistent with modern usage, the Parties use the term "disability" in this Consent Decree, and such usage is intended to cover the term "handicap" as used in the Act.

5658890.1

2

to the time of the assignment of parking space 153. [ECF No. 37]

5. Defendant Aqua 388, at all times relevant to the United States' Complaint, managed the common spaces of the residential complex located at 388 East Ocean Boulevard in Long Beach, California ("388 Property"), excluding the parking garage that is managed by Defendant Aqua Maintenance as detailed below. The 388 Property is one of two neighboring high-rise residential condominium towers that together with the residential complex located at 488 East Ocean Boulevard in Long Beach, California are sometimes referred to as the "Aqua Towers." The 388 Property consists of 278 condominium units. Aqua 388 is governed by its elected Board of Directors (the "Aqua 388 Board").

6. Defendant Aqua Maintenance, at all times relevant to the United States' Complaint, managed certain common areas described in the recorded Covenants, Conditions, Restrictions, and Reservation of Easements for Aqua Maintenance Corporation, including the shared parking garage used by the Aqua Towers ("Aqua Maintenance Property"), but excluding a separately operated 120-space public parking garage. Aqua Maintenance is governed by its elected Board of Directors (the "Aqua Maintenance Board").

7. Defendant FirstService, at all times relevant to the United States' Complaint, was retained by Aqua 388 and Aqua Maintenance to manage the 388 Property and the Aqua Maintenance Property, respectively. FirstService is a Limited Liability Company organized under the laws of California.

8. Defendant Christopher Harrington, at all times relevant to the United States' Complaint, was the General Manager at the 388 Property and Aqua Maintenance Property and was employed by FirstService. Defendant Christopher Harrington is no longer assigned to duties at the 388 Property or the Aqua Maintenance Property.

9. Defendant Rebecca Hawkins, at all times relevant to the United States' Complaint, was the Management Agent at the 388 Property and Aqua Maintenance Property and was employed by FirstService. Defendant Rebecca Hawkins is no longer

employed by FirstService and no longer performs duties at the 388 Property or the Aqua Maintenance Property and no longer is engaged in property management services.

10. The Parties agree that the Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

11. The Parties wish to avoid costly and protracted litigation and agree to resolve this action without further litigation. This Consent Decree constitutes a full resolution of all claims asserted against Defendants by the United States in this action. Therefore, as indicated by the signatures appearing below, the Parties agree to the entry of this Consent Decree.

**It is hereby ORDERED, ADJUDGED, and DECREED:**

## GENERAL PROVISION

12. Defendants shall refrain from:

   a. Discriminating against any person because of disability in any aspect of the sale, rental, use, or enjoyment of a dwelling;

   b. Refusing to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling; and

   c. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of any person having exercised or enjoyed, or on account of any person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

## MANDATORY TRAINING

13. Within one hundred and twenty (120) days of the date of entry of this Consent Decree, all members of the Aqua 388 Board and the Aqua Maintenance Board, and all their respective employees and/or agents who perform any management or administrative duties for residential units with respect to the 388 Property or the Aqua Maintenance Property, shall participate in a fair housing educational training program by

a third-party provider. Any FirstService employee who has management or administrative duties at a residential property shall participate in a fair housing educational training program to be developed and provided in-house by FirstService. Defendants shall bear the cost of their respective educational training programs. The United States shall review and approve the content and form of the educational training programs prior to their delivery.

14. Within thirty (30) days of completing the educational training programs described in paragraph 13, each individual shall certify that said individual has participated in the training program and understands and acknowledges said individual's duties and responsibilities under this Consent Decree and the Fair Housing Act by completing an acknowledgement in the form of **Exhibit A** to this Consent Decree. With respect to the in-house training of FirstService employees described in paragraph 13, FirstService may, alternatively, provide records from its FirstService University system that detail the names, job titles, and date upon which each employee completed the aforementioned training.

15. Through the term of this Consent Decree as defined below, any new member of the Aqua 388 Board or Aqua Maintenance Board, all employees and/or agents who perform any management or administrative duties for residential units, with respect to the 388 Property or the Aqua Maintenance Property, and any FirstService employee who has management or administrative duties at a residential property, shall receive the fair housing training, described in paragraph 13, within thirty (30) days of the start of his/her/their employment and/or election to the Board, and shall complete an acknowledgment, or, if applicable, shall demonstrate completion through FirstService University records, as provided in paragraph 14.

**ADOPTION OF REASONABLE ACCOMMODATION AND REASONABLE MODIFICATION POLICY**

16. It shall be the policy of Aqua 388 and Aqua Maintenance to make or permit reasonable accommodations and/or modifications as applicable and as necessary so that

all members of Aqua 388 and Aqua Maintenance with disabilities shall have an equal opportunity to use and enjoy the 388 Property and/or the Aqua Maintenance Property.

17. Aqua 388 and Aqua Maintenance shall adopt the Reasonable Accommodation and Reasonable Modification Policy set forth in **Exhibits B-1 and B-2** to this Consent Decree. The effective date of the adoption of the policies by Aqua 388 and Aqua Maintenance will be the date of entry of this Consent Decree.

18. No later than ten (10) days after the adoption of their respective reasonable accommodation and reasonable modification policies, both Aqua 388 and Aqua Maintenance shall notify in writing each member of their respective association of the adoption and implementation of the policies and shall provide a copy of the policies with such notification in accordance with their governing documents.

19. A sign shall be placed in the management office of the 388 Property indicating how requests for reasonable accommodations and modifications should be made for the 388 Property and/or the Aqua Maintenance Property. The sign shall read "It shall be the policy of Aqua 388 and Aqua Maintenance to make or permit reasonable accommodations and/or modifications as applicable and as necessary so that all members of Aqua 388 and Aqua Maintenance with disabilities shall have an equal opportunity to use and enjoy the 388 Property and the Aqua Maintenance Property. All requests for reasonable accommodations and/or modifications should be made to the general manager."

20. Aqua 388, Aqua Maintenance, and their agents, as the case may be, shall grant a request for a reasonable accommodation or modification relating to the disability unless doing so would impose an undue financial and/or administrative burden on Aqua 388 or Aqua Maintenance, or it would fundamentally alter the nature of their operations.

21. The final decision of Aqua 388, Aqua Maintenance, and their agents, as the case may be, on the request for an accommodation or a modification and the reasons for it shall be delivered, in writing, to the individual who made the request.

22. Aqua 388, Aqua Maintenance, and their agents, as the case may be, shall

keep written records of each request for reasonable accommodation or modification they receive during the term of this Consent Decree. The records shall include the following:

    a.    The name, address, and telephone number of the person making the request;

    b.    The date on which the request was received;

    c.    The nature of the request;

    d.    Whether the request was granted or denied; and

    e.    If the request was denied, the reason(s) for the denial.

23.    Within one hundred and eighty (180) days of the date of entry of this Consent Decree, and thereafter on the anniversary of the date of entry of this Consent Decree, Aqua 388, Aqua Maintenance, or their agents shall submit to the United States, c/o Assistant United States Attorney Margaret Chen via email (Margaret.Chen@usdoj.gov) a compliance report as provided in this section, except that Aqua 388, Aqua Maintenance, or their agents shall submit the final report sixty (60) days prior to the expiration of this Consent Decree. The compliance reports shall contain proof of completion of the educational training programs referred to in paragraphs 13 and 15, certificates or verification of training completion referred to in paragraph 14, and copies of the records regarding reasonable accommodation and modification requests referred to in paragraph 22. After submittal of the initial compliance report, proof of compliance of educational training programs referred to in paragraphs 13 and 15 shall only be required as to individuals covered by paragraph 15 herein. If no request for an accommodation and/or modification has been made as set forth in paragraph 22 above, the report shall simply reflect the same.

24.    For the duration of this Consent Decree, Aqua 388, Aqua Maintenance, or their agents shall preserve all records related to this Consent Decree and any other documents related to requests for reasonable accommodation and modification at the 388 Property and/or the Aqua Maintenance Property. Such documents include, but are not limited to, correspondence, policies, and procedures. Upon reasonable notice to Aqua

388, Aqua Maintenance, or their agents, representatives of the United States shall be permitted to inspect and copy any records preserved under this paragraph.

25. For the duration of this Consent Decree, Aqua 388 and/or Aqua Maintenance, as the case may be, shall notify counsel for the United States, c/o Assistant United States Attorney Margaret Chen via email (Margaret.Chen@usdoj.gov), within fifteen (15) days of receipt of any complaint of housing discrimination against Aqua 388, Aqua Maintenance, or any of their agents or employees. Such notification shall include the date of the complaint, a copy of any written complaint or a description of the oral complaint, and contact information (including mailing addresses and daytime and evening telephone numbers) for the complaining party. Within fifteen (15) days of the resolution of any such complaint, Aqua 388 and Aqua Maintenance shall notify Ms. Chen via email of the details of the resolution.

## DURATION OF DECREE AND TERMINATION OF LEGAL ACTION

26. This Consent Decree shall remain in full force and effect for a period of three (3) years its entry by the United States District Court for the Central District of California.

27. The Parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution. However, in the event of a failure by any Defendant to perform in a timely manner any act required by this Consent Decree or to otherwise comply with any provision thereof, the United States may file an action seeking any remedy authorized by law or equity.

## RELIEF FOR THE COMPLAINANT

28. Defendants shall provide Dr. Adams with exclusive use of parking space #153 (level P3) for as long as she resides at the Aqua Towers. Dr. Adams' dedicated, assigned parking space will be striped and/or marked in the same manner as other individually assigned resident parking spaces at the Aqua Maintenance Property (i.e., all blue striping and accessibility markings shall be removed and replaced by white paint

consistent with the other resident parking spaces).

## MISCELLANEOUS PROVISIONS

29.  Any time limits for performance imposed by this Consent Decree may be extended by mutual written agreement of the Parties.

30.  Except as set out in paragraph 27and 29, the terms of this Consent Decree shall not be modified, revised, or altered unless approved by the Court.

31.  The Parties acknowledge this Consent Decree is a voluntary and full settlement of a disputed Complaint.

32.  All parties shall be responsible for their own attorneys' fees and costs associated with this action, except as provided in paragraph 27.

[signatures on next page]

**For Plaintiff United States of America:**

Dated: December 26, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
RICHARD M. PARK
Assistant United States Attorney
Chief, Civil Rights Section

KRISTEN CLARKE
Assistant Attorney General for Civil Rights
CARRIE PAGNUCCO
Chief, Housing and Civil Enforcement Section
ELIZABETH SINGER
Director, U.S. Attorneys' Fair Housing Program

/s/ Matthew J. Barragan

MATTHEW J. BARRAGAN
MARGARET M. CHEN
Assistant United States Attorneys

/s/ David Heitner

DAVID HEITNER
Trial Attorney
Housing and Civil Enforcement Section

**For Defendants Aqua 388 Community Association, FirstService Residential California, LLC, Rebecca Hawkins, Christopher Harrington, and Aqua Maintenance Corporation:**

Dated: 12-26-2023

/s/ Stephen E. Abraham

STEPHEN E. ABRAHAM
Law Offices of Stephen Abraham

/s/ Elsa M. Horowitz

ELSA M. HOROWITZ
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP

**Co-counsel for Defendant Aqua Maintenance Corporation:**

Dated: Dec. 26, 2023

/s/ Michelle Zaks

MICHELLE ZAKS
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP

**IT IS SO ORDERED.**

Dated: January 22, 2024

/s/ Stanley Blumenfeld Jr.

HON. STANLEY BLUMENFELD JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT A
# FAIR HOUSING TRAINING CERTIFICATION

On _____, 202\_, I, _____, successfully completed training on the federal Fair Housing Act as required by the Consent Decree for *United States of America v. Aqua 388 Community Association, et al.*, Civil No. 23-02498-SB-JPR (C.D. Cal.). I certify that I understand and acknowledge my duties and responsibilities under the Fair Housing Act and the Consent Decree.

_____
Signature

# EXHIBIT B – PART 1

## AQUA 388 REASONABLE ACCOMMODATION AND REASONABLE MODIFICATION POLICY

1. It shall be the policy of Aqua 388 Community Association ("Aqua 388") to make or permit reasonable accommodations and/or modifications as applicable and as necessary so that all members of Aqua 388 with disabilities shall have an equal opportunity to use and enjoy the residential complex located at 388 East Ocean Boulevard in Long Beach, California ("388 Property").

2. A "reasonable accommodation" is a change, exception, or adjustment to a rule, policy, practice, or service that may be necessary for a person with a disability to have an equal opportunity to use and enjoy a dwelling, including public and common use spaces.

3. A "reasonable modification" is any change to the public or common use areas of a building or any change to a dwelling unit necessary to afford a person with a disability full use and enjoyment of the premises.

4. Upon receipt of a request for a reasonable accommodation or modification in writing or orally from a requesting member (the "requestor") (if oral, the request shall be documented by the individual who receives the request identifying the requestor's name, unit number, and date of request, detailing the reasonable accommodation or modification requested, and indicating to whom the request was made), the request shall be forwarded to the Aqua 388 Board of Directors (the "Aqua 388 Board") and placed on an emergency meeting calendar to occur within ten (10) days of receipt of the request for review, consideration and determination.

5. In the event that a disability is not obvious, Aqua 388 or its agents may require proof that the requestor has a disability, including asking the requestor to provide written verification from the requestor's healthcare or mental health provider that the requestor has a disability, but shall not require more specific information about the nature or extent of the disability than that reasonably necessary to appreciate the

disability.

6. In the event that the need for the requested accommodation or modification is not obvious, Aqua 388 or its agents may ask the requestor how the requested accommodation or modification is necessary to accommodate the individual's disability in order to assist that person in using or enjoying the 388 Property. Aqua 388 or its agents may ask the requestor to provide written verification from the individual's healthcare or mental health provider about how the requested accommodation or modification is necessary to accommodate the requestor's disability.

7. Until sufficient information required to make a determination is provided to Aqua 388, the request shall not be deemed complete and the time period in paragraph 2 above shall not commence.

8. The Aqua 388 Board shall grant a request for a reasonable accommodation or modification relating to the disability unless doing so would impose an undue financial and/or administrative burden on Aqua 388 or would fundamentally alter the nature of Aqua 388's operations. The foregoing shall not alter the respective obligations of either the Aqua 388 Board or the requestor regarding the bearing of costs associated with the accommodation and/or modification.

9. The Aqua 388 Board's final decision on the request for a reasonable accommodation or modification shall be delivered to the requestor in writing as soon as is practical but, in any event, no later than five (5) business days after the Aqua 388 Board made the decision.

    i. If the modification request is granted, the approval will identify whether Aqua 388 or the requestor will be responsible for the costs of any such modification. If the accommodation request is granted, the resident will not be responsible for any associated cost.

    ii. If the accommodation or modification request is denied. In such event, the requestor shall be provided with the reason for the denial and given an opportunity to respond. The requestor shall also be notified in writing of

1  the requestor's right to appeal the decision to the Aqua 388 Board within
2  fifteen (15) days. Said appeal shall be delivered to the general manager of
3  Aqua 388.

4     10.   If the Aqua 388 Board needs further information to make a decision on the accommodation or modification request, it shall notify the requestor of a meeting with the Aqua 388 Board to be held within fifteen (15) days. If necessary, at that time, the Aqua 388 Board and the requestor shall discuss alternative accommodations or modifications that would effectively address the requestor's disability-related needs without causing a fundamental alteration of Aqua 388's operations or without imposing an undue financial and/or administrative burden on Aqua 388.

11.   If the requestor believes that a request has been denied unlawfully or that the response has been delayed unreasonably, the requestor may file a complaint with the U.S. Department of Housing and Urban Development, https://www.hud.gov/fairhousing/fileacomplaint, and the U.S. Department of Justice, Civil Rights Division, https://civilrights.justice.gov/.

# EXHIBIT B – PART 2

## AQUA MAINTENANCE REASONABLE ACCOMMODATION AND REASONABLE MODIFICATION POLICY

1. It shall be the policy of Aqua Maintenance Corporation ("Aqua Maintenance") that all members of Aqua Maintenance with disabilities shall be entitled to reasonable accommodations to their rules and policies and reasonable modifications as necessary to permit such members an equal opportunity to use and enjoy the shared parking garage used by residential complex located at 388 East Ocean Boulevard in Long Beach, California ("388 Property") and the residential complex located at 488 East Ocean Boulevard in Long Beach, California (the "488 Property," and with the 388 Property sometime collectively referred to as the "Aqua Towers") ("Aqua Maintenance Property").

2. A "reasonable accommodation" is a change, exception, or adjustment to a rule, policy, practice, or service that may be necessary for a person with a disability to have an equal opportunity to use and enjoy a dwelling, including public and common use spaces.

3. A "reasonable modification" is any change to the public or common use areas of a building or any change to a dwelling unit that may be necessary to afford a person with a disability full use and enjoyment of the premises.

4. Upon receipt of a request for a reasonable accommodation or modification in writing or orally from a requesting member (the "requestor") (if oral, the request shall be documented by the individual who receives the request identifying the requestor's name, unit number, parking spot number, and date of request, detailing the reasonable accommodation or modification requested, and indicating to whom the request was made), the request shall be forwarded to the Aqua Maintenance Board of Directors (the "Aqua Maintenance Board") and placed on an emergency meeting calendar to occur within ten (10) days of receipt of the request for review, consideration and determination.

5. In the event that a disability is not obvious, Aqua Maintenance or its agents may require proof that the requestor has a disability, including asking the requestor to provide written verification from the requestor's healthcare or mental health provider that the requestor has a disability, but shall not require more specific information about the nature or extent of the disability than that reasonably necessary to appreciate the disability.

6. In the event that the need for the requested accommodation or modification is not obvious, Aqua Maintenance or its agents may ask the requestor how the requested accommodation or modification is necessary to accommodate the individual's disability in order to assist that person in using or enjoying the Aqua Maintenance Property. Aqua Maintenance or its agents may ask the requestor to provide written verification from the individual's healthcare or mental health provider about how the requested accommodation or modification is necessary to accommodate the requestor's disability.

7. Until sufficient information required to make a determination is provided to Aqua Maintenance, the request shall not be deemed complete and the time period in paragraph 2 above shall not commence.

8. The Aqua Maintenance Board shall grant a request for a reasonable accommodation or modification relating to the disability unless doing so would impose an undue financial and/or administrative burden on Aqua Maintenance or would fundamentally alter the nature of Aqua Maintenance's operations. The foregoing shall not alter the respective obligations of either the Aqua Maintenance Board or the requestor regarding the bearing of costs associated with the accommodation and/or modification.

9. To the extent the reasonable accommodation request pertains to the ability to park at or access the Aqua Maintenance Property, to the extent possible and pending a review and determination by the Aqua Maintenance Board, the requestor shall be provided with temporary accommodations, such as: (1) access to all levels of the parking garage to access accessible parking; (2) waiver of the three (3) day limit on continuously

parking in any given accessible parking spot; and/or (3) permission to park in any of the guest parking spaces.

10. When determining whether a requested accommodation/modification pertaining to the ability to park at or access the Aqua Maintenance Property would impose an undue financial and/or administrative burden on Aqua Maintenance or would fundamentally alter the nature of Aqua Maintenance's operations, the Aqua Maintenance Board shall consider the following:

    i. Whether the accommodation or modification is structurally possible, will overcome the barrier and is feasible;

    ii. Whether the accommodation or modification would pose an undue burden on other members' use of their parking spots and/or common areas and/or other parking spots;

    iii. The scope of the requested accommodation or modification (i.e., whether it is solely to the assigned/deeded parking spot of the requestor);

    iv. The availability of alternatives, such as the identification of a parking space assigned to another member that the requestor would like to use, and whether the Aqua Maintenance Board can help facilitate communications between the requestor and the other member;

    v. Whether there are any other guest parking spaces (regardless of whether such space(s) would technically be considered "accessible" under the relevant law) that the requestor would agree to use instead of their assigned/deeded space, solely for the duration of their ownership at the Aqua Towers, that would accommodate their disability.

11. The Aqua Maintenance Board's final decision on the request for a reasonable accommodation or modification shall be delivered to the requestor as soon as is practical but, in any event, no later than five (5) business days after the Aqua Maintenance Board made the decision.

    i. If the modification request is granted, the approval will identify whether

                Aqua Maintenance or the requestor will be responsible for the costs of any such modification. If the accommodation request is granted, the requestor will not be responsible for any associated cost.

      ii.    If the accommodation or modification request is denied.  In such event, the requestor shall be provided with the reason for the denial and given an opportunity to respond.  The requestor shall also be notified in writing of the requestor's right to appeal the decision to the Aqua Maintenance Board within fifteen (15) days.  Said appeal shall be delivered to the general manager of Aqua Maintenance.

12.    If the Aqua Maintenance Board needs further information to make a decision on the accommodation or modification request, it shall notify the requestor of a meeting with the Aqua Maintenance Board to be held within fifteen (15) days. If necessary, at that time, the Aqua Maintenance Board and the requestor shall discuss alternative accommodations or modifications that would effectively address the requestor's disability-related needs without causing a fundamental alteration of Aqua Maintenance's operations or without imposing an undue financial and/or administrative burden on Aqua Maintenance.

13.    If the requestor believes that a request has been denied unlawfully or that the response has been delayed unreasonably, they may file a complaint with the U.S. Department of Housing and Urban Development, https://www.hud.gov/fairhousing/fileacomplaint, and the U.S. Department of Justice, Civil Rights Division, https://civilrights.justice.gov/.