UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA ADAMS,<br><br>     Plaintiff,<br><br>v.<br><br>AQUA 388 COMMUNITY ASSOCIATION et al.,<br><br>     Defendants. | Case No. 2:23-cv-02498-SB-JPR<br><br>ORDER TO SHOW CAUSE RE SANCTIONS |

     Plaintiff, an owner of a condominium unit, filed a claim against Defendants, contending that her rights under the Fair Housing Act were violated when they failed to provide her with a reasonable parking accommodation. In its summary judgment ruling, the Court agreed with Plaintiff. The case then proceeded to trial on both compensatory and punitive damages. One of the principal disputes to be decided at trial was whether Defendants acted with malice, oppression, or reckless disregard of Plaintiff's rights.

     Before trial commenced, Defendants informed Plaintiff that they would be calling a lawyer, Michael Rabkin, who had advised them at the relevant time that they were not required to provide Plaintiff with the requested parking space as a form of accommodation. Defendants sought to introduce this evidence to show that they did not have the mental state required to expose them to punitive damages because they were merely relying on the advice of Rabkin. In response, Plaintiff moved in limine to exclude Rabkin from testifying. Dkt. No. 129.

     After full briefing, oral argument, and an offer of proof about Rabkin's anticipated testimony, the Court granted Plaintiff's motion to exclude this evidence and denied Defendants' motion for reconsideration. *See* Dkt. Nos. 129 (Plaintiff's joint motion in limine no. 3), 140 (oral argument on the motion), 150 (offer of proof), 155 (order granting motion in limine no. 3), 162 (order denying motion for reconsideration). The parties proceeded to trial.

After having procured the exclusion of Rabkin as a witness, Plaintiff's counsel, Brian D. Olney, argued in his closing rebuttal argument:

> And what's the evidence we didn't hear? Well, there's all this talk about the lawyer, the — the Defendants' lawyer who — who was providing the advice that all the Defendants relied upon. Where's the lawyer?

This argument prompted an objection from defense counsel that was sustained. In sustaining the objection, the Court explained to the jury why they had not heard from Rabkin and noted the impropriety of the argument:

> Members of the jury, the Court excluded the lawyer from testifying which is why you did not hear from him. And counsel, that argument is improper.

Plaintiff's counsel apologized and proceeded with the remainder of his rebuttal argument.

The Local Rules of the Central District of California expressly require that each attorney comply with "the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto." L.R. 83-3.1.2. Violations of those standards are a basis for attorney discipline. *Id.*; *see also* L.R. 83-3.1.3 (listing disciplinary penalties authorized for violation of ethical standards); L.R. 83-7 (listing sanctions authorized for violation of a local rule). Additionally, a district court has "inherent power to sanction a lawyer for a full range of litigation abuses." *Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (cleaned up).

Under California law, "[i]t is improper for counsel to assert or imply facts not in evidence that counsel knows excluded evidence could refute." *Jackson v. Park*, 66 Cal. App. 5th 1196, 1214 (2021) (finding misconduct where lawyer argued jury should draw inference from absence of evidence the court had excluded at lawyer's behest) (compiling cases); *see also Hansen v. Warco Steel Corp.*, 237 Cal. App. 2d 870, 878 (1965) ("Counsel was guilty of serious misconduct in arguing the importance of the excluded document and in asking the jury to draw an inference because plaintiff's attorney had made an objection which the court had sustained.").

By seeking an order excluding the testimony of Defendants' proffered witness and then exploiting that order to argue that the jury should draw an adverse inference from the defense's failure to call that witness at trial, Plaintiff's counsel appears to have committed misconduct. The argument suggests to the jury that Defendants had the ability to call Rabkin and elected not to do so. But this suggestion is manifestly false—and Mr. Olney would have known of its falsity because he had vigorously and successfully procured the exclusionary order. Mr. Olney's argument cannot be squared with his duty of candor. Nor can it be reconciled with any professional sense of fair play.

Accordingly, by no later than July 15, 2024, Plaintiff's counsel is ordered to show cause, in writing, why he should not be sanctioned under the Local Rules or the Court's inherent authority. This matter is set for hearing at 8:30 a.m. on July 19, 2024 in Courtroom 6C.

Date: July 12, 2024

Stanley Blumenfeld, Jr.
United States District Judge