Dan Stormer, Esq. [S.B. # 101967]
Brian Olney, Esq. [S.B. #298089]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
T: (626) 585-9600
F: (626) 577-7079
Emails: dstormer@hadsellstormer.com
        bolney@hadsellstormer.com

Attorneys for Plaintiff
Emma Adams

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AQUA 388 COMMUNITY ASSOCIATION, FIRSTSERVICE RESIDENTIAL CALIFORNIA, LLC, REBECCA HAWKINS, CHRISTOPHER HARRINGTON, and AQUA MAINTENANCE CORPORATION,<br><br>Defendants.<br>EMMA ADAMS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AQUA 388 COMMUNITY ASSOCIATION, FIRSTSERVICE RESIDENTIAL CALIFORNIA, LLC, REBECCA HAWKINS, CHRISTOPHER HARRINGTON, and AQUA MAINTENANCE CORPORATION,<br><br>Defendants. | Case No.: 2:23-cv-02498-SB-JPR<br><br>[Assigned to the Honorable Stanley Blumenfeld – Courtroom 6C]<br><br>**DECLARATION OF BRIAN OLNEY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS**<br><br>Complaint filed:   April 3, 2023<br>Trial Date:        July 8, 2024 |

DECL BRIAN OLNEY ISO RESPONSE TO OSC RE SANCTIONS

1   I, Brian Olney hereby declare and say:

2       1.    I am a partner at the law firm of Hadsell Stormer Renick & Dai LLP. I am an attorney licensed to practice law in California and before this Court, and am counsel of record for Plaintiff in this action. I was admitted to practice in 2014. The information contained herein is based on my personal knowledge, or upon review of files and documents generated or received and regularly maintained by my office in connection with this case. If called upon, I could testify in a court of law to the accuracy of the matters set forth herein.

    2.    In accordance with the Court's July 12, 2024, Order to Show Cause Re Sanctions ("OSC"), I submit the following response.

    3.    I deeply apologize for my statement during Plaintiff's closing rebuttal argument asking the jury, "Where is the lawyer?" My statement was wrong. I should not have made it. I deeply regret my action and take full responsibility for its consequences.

    4.    My statement was not justified, and I will not attempt to justify it here.

    5.    The Court's OSC cites to Local Rules 83-3.1.2, 83-3.1.3, and 83-7.

    6.    Local Rule 83 addresses the Court's authority to utilize a range of procedures to address instances of attorney misconduct. Local Rule 83-7 addresses various sanctions that the Court may issue based upon the attorney's intent and state of mind. The application of the Court's inherent authority is also guided by the Court's findings of bad faith and willfulness. *See Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) ("[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct. . . . [A] specific finding of bad faith . . . must 'precede any sanction under the court's inherent powers.'") (quoting *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986)).

    7.    I agree that my argument was improper. Below, I will attempt to explain my intent and state of mind leading up to Plaintiff's rebuttal closing argument.

    8.    When I began my closing argument, I had not planned to make the

DECL BRIAN OLNEY ISO RESPONSE TO OSC RE SANCTIONS   - 1 -

offending statement. On the evening of July 11, 2024, I believed that closing arguments would not occur until the end of the day on July 12, and likely not until the morning of July 13. After the Defendants unexpectedly chose not to call Chris Harrington and Joan Stiehl and rested their case shortly before noon, the Court ordered the Parties to return by 1:00 P.M. to deliver closing arguments. I had only a portion of my closing argument prepared and worked during the lunch break to draft it. I had no plan to draw attention to the fact that Mr. Rabkin did not testify. I had not yet written my rebuttal and intended to base it upon the Defendants' closing arguments.

9. As I jotted down notes for my rebuttal during Defendants' closing arguments about the evidence at trial, I had the idea to emphasize the evidence that the Defendants had not put on and had not attempted to explain away during their closing arguments. I wrote down three examples consisting of Ms. Stiehl, Mr. Harrington, and Mr. Rabkin—remarks I ultimately delivered in closing rebuttal. I was aware of the *in limine* order excluding Mr. Rabkin from testifying but in the heat of closing arguments improperly focused on the Defendants' role in not disclosing this witness in discovery, which was one basis for my motion to exclude him. I believed that the Defendants would have had the ability to call Mr. Rabkin to testify at trial had they properly disclosed him during discovery, but they chose not to, resulting in Plaintiff's motion to exclude this witness.

10. Focusing on the Defendants' actions and the basis for my motion was a mistake. I should have focused only on the fact that the Court had excluded Mr. Rabkin based upon a motion I had filed and argued. I made a serious error, but respectfully submit that it was not willful, grossly negligent, or motivated by bad faith.

/ / /

/ / /

/ / /

11. Once again, I apologize to the Court.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 19th day of July 2024, in Pasadena, California.

By:    /s/ Brian Olney
       Brian Olney
       Attorneys for Plaintiff
       Emma Adams