1  Russell Kornblith (CSB No. 289329)
   rkornblith@sanfordheisler.com
2  Attorney for Plaintiff Emma Adams
   SANFORD HEISLER SHARP MCKNIGHT, LLP
3  17 State Street, Suite 3700
   New York, NY 10004
4  Telephone: 646-402-5646
   Facsimile: 646-402-5651
5  
   Kevin Sharp*
6  ksharp@sanfordheisler.com
   Brent Hannafan*
7  bhannafan@sanfordheisler.com
   Attorneys for Plaintiff Emma Adams
8  SANFORD HEISLER SHARP MCKNIGHT, LLP
   611 Commerce Street, Suite 3100
9  Nashville, TN 37203
   Telephone: 615-434-7001
10 Telephone: 615-434-7016
   Facsimile: 615-434-7020
11 *admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA ADAMS,<br><br>    Plaintiff,<br><br>vs.<br><br>AQUA 388 COMMUNITY ASSOCIATION, ET AL.,<br><br>    Defendants. | Case No.: 2:23-CV-02498-SB-JPR<br><br>**MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF**<br><br>Assigned to the Hon. Stanley Blumenfeld, Jr., U.S. District Judge<br><br>Hearing Date: August 29, 2025 Proposed<br>Hearing Time: 8:30 am Proposed<br>Complaint filed: April 3, 2023<br>Trial Date: December 16, 2024<br><br>Courtroom: 6C |

MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF - 1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, as soon as this matter may be heard in Courtroom 6C of the above-entitled Court, located at First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, Plaintiff's counsel Russell Kornblith, Brent Hannafan, and Kevin Sharp will move, and hereby do move, this Court for an order granting leave to withdraw as counsel in this matter.

This Motion is based on the rules and law applicable in this case, the instant Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the supporting Declarations of Russell Kornblith, Brent Hannafan, and Kevin Sharp, the papers and records on file in this action, and such other written and oral argument as may be presented to the Court.

This motion follows notice to all Parties pursuant to Local Rule 83-2.3.2 and a conference of counsel pursuant to Local Rule 7-3. Kornblith Decl. ¶¶ 2–3.

DATED: August 15, 2025         Respectfully submitted,

                               Sanford Heisler Sharp McKnight, LLP

                               By: /s/ Russell Kornblith
                               Russell Kornblith
                               Brent Hannafan*
                               Kevin Sharp*
                               *admitted pro hac vice

## I.  INTRODUCTION

Counsel for Plaintiff Dr. Emma Adams—Russell Kornblith, Kevin Sharp, and Brent Hannafan—bring the instant motion requesting leave of Court to withdraw as counsel in this case.[1]

## II.  ARGUMENT

"The Court has discretion to grant or deny a motion to withdraw as counsel." *Brooke v. SB Hosp. Palm Springs, LLC*, No. 5:16-CV-00953-ODW(SS), 2017 WL 187132, at *1 (C.D. Cal. Jan. 17, 2017). *See Verdier v. Walker*, 745 F. App'x 781, 782 (9th Cir. 2018) ("We review the district court's . . . grant or denial of a motion to withdraw as counsel . . . for abuse of discretion.") (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002)).

Local Rule 83-2.3.2 provides: "An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause. Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause." Local Rule 83-2.3.5 provides: "Unless good cause is

---

[1] Counsel would remain under the Court's jurisdiction for purposes of Plaintiff's currently pending Motion for Attorneys' Fees and Costs. *See* ECF No. 350.

shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion."

Plaintiff's counsel has provided the required notice to Dr. Adams and to all other Parties who appeared in this action. *See* Kornblith Decl. at ¶¶ 2–3. Good cause exists here because the attorney-client relationship has irretrievably broken down. *See* Kornblith Decl. at ¶ 4; Sharp Decl. at ¶ 4; Hannafan Decl. at ¶ 4.

"In determining whether to grant counsel's motion to withdraw, courts generally weigh the following four factors: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Pro-Com Prods., Inc. v. Optimal Sante, LLC*, No. 2:20-cv-08369-FLA (Ex), 2022 WL 19915437, at *1 (C.D. Cal. Feb. 23, 2022) (internal quotations, citation and brackets omitted).

To assess the first factor, "courts look to the California Rules of Professional Conduct to determine whether the reasons for withdrawal are adequate." *Id.* California Rule of Professional Conduct 1.16(b)(1) provides that a lawyer may withdraw if "the client insists upon presenting a claim . . . in litigation, . . . that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law." Rule 1.16(b)(4) provides that a lawyer may withdraw from representing a client if "the client by other conduct

MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF - 2

renders it unreasonably difficult for the lawyer to carry out the representation effectively." Rule 1.16(b)(10) provides that a lawyer may withdraw if "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Here, withdrawal is appropriate under Rules 1.16(b)(1), 1.16(b)(4), and 1.16(b)(10). The attorney-client relationship has deteriorated. *See Rico v. Ducart*, No. 2:19-cv-01989-KJM-DB, 2023 WL 6214862, at *1 (E.D. Cal. Sep. 25, 2023) ("The attorney-client relationship cannot be maintained where there is an irremediable breakdown such that counsel can no longer effectively represent plaintiff.").

Counsel's withdrawal will not prejudice Defendants or the administration of justice. Plaintiff's counsel met and conferred with Defense counsel, who do not oppose this motion. *See* Kornblith Decl. at ¶ 3. The administration of justice will best be served if Plaintiff is able to navigate the remaining district court proceedings in this matter while represented by counsel with whom the attorney-client relationship remains functionally intact.

Plaintiff Emma Adams opposes withdrawal before she has secured substitute counsel. Although it is possible that Plaintiff might require additional time to retain new counsel, this will not necessarily delay the proceedings in the event that Plaintiff accepts the remittitur or the Court schedules the next trial to take place

1  sufficiently far into the future. In sum, the balance of all factors weighs in favor of
2  granting the instant motion.

3  If the Court requires additional information to evaluate the instant motion,
4  counsel requests leave to file a declaration for this Court's *in camera* review. *See*
5  *Lal v. Enloe Med. Ctr.*, No. 2:22-cv-01540-KJM-DMC, 2023 WL 4551647, at *1
6  (E.D. Cal. July 14, 2023) (granting counsel "one week to submit an *in-camera*
7  declaration explaining why she should be relieved as counsel").

8  To avoid any possibility that even the *in camera* disclosure of such
9  information might prejudice Plaintiff at any point in this litigation, counsel
10  additionally requests that, in the event an *in camera* declaration is requested, the
11  withdrawal motion be referred to another Judge. This additional request is only
12  limited to the *in camera* review of any further information the Court deems
13  necessary to rule on the instant motion.

14  ### III.  CONCLUSION

15  For the above reasons, counsel respectfully requests leave to withdraw as
16  counsel in this matter with the Court to retain jurisdiction with regard to counsel's
17  currently pending Motion for Attorneys' Fees and Costs. *See* ECF No. 350.

18  DATED: August 15, 2025           Respectfully submitted,

19                                    Sanford Heisler Sharp McKnight, LLP

20                                    By: */s/ Russell Kornblith*
                                      Russell Kornblith

MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF - 4

Brent Hannafan*
Kevin Sharp*
*admitted *pro hac vice*

MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF - 5